UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| TEXSON MANAGEMENT GROUP, INC., Debtor. | Case No. 00-23533-M-11 Chapter 11 |
|---|---|

TEXSON MANAGEMENT GROUP, INC., §
      Plaintiff, §
   vs. §  ADVERSARY NO. _____
ABN AMRO, INC; BANKCHICAGO F/K/A §
EAST SIDE BANK AND TRUST CO.; §
CARRASQUILLO ASSOCIATES; §
CENTURY FENCE; CITY OF AUSTIN; §
CITY OF LA VILLA; CONVERSANT §
TECHNOLOGIES, INC.; CENTRAL §
POWER AND LIGHT; DINOSAUR §
VALLEY CONSTRUCTION CO., §
EARTHGRAINS BAKING §
COMPANIES, INC.; ENTERGY; §
GLH; HAYS COUNTY; §
HEALTH BENEFITS; I.C.S. JAIL §
SUPPLY; IOS CAPITAL; §
JOHN ALDEN; §
MID VALLEY FENCE; MILLER §
UNIFORM & EMBLEMS, INC.; NEW §
YORK LIFE INSURANCE CO.; NEW §
YORK LIFE-TRAC-2000; R. GARZA §
PRODUCE; RANDY MCMULLEN; §
RAUL GARZA; RX MANAGEMENT §
CONSULTANT; SOUTHERN FOODS §
GROUP D/B/A HYGIEA DAIRY AND §
D/B/A OAK FARMS DAIRY; §
STATE STREET BANK AND TRUST §
COMPANY; SYSCO FOOD SERVICES, §
INC.; TXU ELECTRIC; WESTEL; §
ED WENDLER; §
GLEN HECKMAN; JOHN BONNER. §
PHILLIPS DISTRIBUTION, INC. §
      Defendants. §

**COMPLAINT TO AVOID PREFERENCES PURSUANT TO 11 U.S.C. §§ 547, 550**

**TEXSON MANAGEMENT GROUP, INC.,** Debtor and Debtor-In-Possession (hereinafter "Debtor" or "Texson"), files this Complaint to Avoid Preferences Pursuant to 11 U.S.C. §§ 547 (the "Complaint") and in support thereof respectfully states as follows:

I. Background

1. On November 20, 2000 (the "Petition Date"), Texson filed its Voluntary Petition under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas, Corpus Christi Division (the "Bankruptcy Court").

2. This Court has jurisdiction and venue to hear and determine the Complaint pursuant to 28 U.S.C. §§ 1334, 1408 and 157(b)(2), and 11 U.S.C. § 547 and 550.

3. The Preference Defendants are listed on Exhibit "1," attached hereto and made a part hereof, and may be served by delivering a copy of the Summons and of the Complaint to the addresses listed thereon.

II. Count One
A. Cash or Wire Transfers Constituting Preferences

4. The Preference Defendants received payments from Texson or from accounts that gave rise to claims against Texson in the form of cash, checks, cashier's checks, or wire transfers, such payments being made within the ninety (90) days immediately preceding the Petition Date and constitute preferential transfers under 11 U.S.C. § 547.

5. The payments described on Exhibit "1" were made within ninety (90) days of the Petition Date.

6. The payments were to or for the benefit of the Preference Defendants in the amounts identified on Exhibit "1," and were for or on account of antecedent debt owed by Texson before such transfer was made.

7. Texson was insolvent on or before the date of the applicable transfer.

8. The payments to the Preference Defendants identified on Exhibit "1," enabled Preference Defendants to receive more than they would have received in a Chapter 7 case if the transfers had not been made and if such creditors received payment on the antecedent debt as provided by the provisions of Title 11.

9. Pursuant to 11 U.S.C. § 550(a), the recovery of property for the benefit of this estate is authorized to the extent that such transfer is avoidable under 11 U.SC. § 547.

10. Texson seeks to recover the preferential transfers pursuant to 11 U.S.C. § 547.

## II. Count Two

11. Texson is entitled to recover his reasonable attorneys' fees, costs and expenses incurred in connection with this lawsuit from any Preference Defendant against whom the Court determines that Texson has voided a transfer in whole or in part.  Texson therefore sues the Preference Defendants for all reasonable attorneys' fees, costs and expenses incurred.

## Prayer

For the foregoing reasons, Texson respectfully requests that a judgment be rendered in favor of Texson against the Preference Defendants in the amounts set forth in Exhibit "1" pursuant to 11 U.S.C. § 547; recovery of the cash value on the date of the transfer pursuant to 11 U.S.C. § 550; an award of prejudgment and post-judgment interest allowed under applicable law; an award of reasonable attorneys' fees, costs and expenses; and for such other and further relief to which it may show itself justly entitled.

Respectfully submitted,
__/s/_____
Nathaniel Peter Holzer, Attorney in Charge
State Bar No. 00793971/Admissions No. 21503
500 North Shoreline, Suite 900
Corpus Christi, Texas 78471
Telephone No. (361) 884-5678
Telecopier No. (361) 888-5555
ATTORNEY FOR TEXSON MANAGEMENT GROUP, INC.